# CIRCUIT COURT OF THE CITY OF NORFOLK

Glenn Ritchie

v.

Omega Protein, Inc.

April 9, 2010

Case No. (Civil) CL08-992

By Judge Everett A. Martin, Jr.

At the end of Monday's hearing, I was uncertain about which of Captain Stoller's opinions the defendant concedes he may give. I did, however, understand that the defendant objects to opinions stated in Captain Stoller's supplemental designation of January 18, 2010, regarding NIOSH and ASTM lifting standards and its failure to perform a "job hazard analysis."

*NIOSH*

The Occupational Safety and Health Act established the National Institute for Occupational Safety and Health (NIOSH), and it authorized the Institute to develop and establish recommended occupational safety and health standards. 29 U.S.C. § 671(a)-(c). The plaintiff intends to have Captain Stoller testify that the plaintiff's work for the defendant at issue violated the NIOSH manual lifting guidelines.

The plaintiff offered no authority for the adoption of these guidelines as regulations by OSHA or for their use by the courts in determining negligence or unseaworthiness. The defendant offers two cases in which the use of the guidelines was rejected. *Taylor v. TECO Barge Line, Inc.*, 642 F. Supp. 2d 689 (W.D. Ky. 2009); *Touray v. Glacier Fish Co.*, 2007 A.M.C. 1161 (W.D. Wash. 2007). Both courts concluded the guidelines had little applicability to the real world.

The only NIOSH document I have been provided is "Applications Manual for the Revised NIOSH Lifting Equation" of January 1994. On

page 5 of the manual is stated "the revised lifting equation has not been fully validated. . . ."

I sustain the defendant's motion *in limine* as to Captain Stoller's testimony about NIOSH guidelines to establish negligence or unseaworthiness.

## ASTM

The plaintiff also proposes to have Captain Stoller testify about the American Society for Testing of Materials's "Standard Practice for Human Engineering Design for Marine Systems, Equipment, and Facilities." He may not base an opinion on Table 43 at page 118 or Figure 108 at page 125 as they have no bearing on this case.

## Job Hazard Analysis

The plaintiff cites findings of facts and conclusions of law in *Cabezas v. United States*, No. C05-02095 (N.D. Cal. 2007), to establish negligence because of the defendant's failure to perform a job hazard analysis. The defendant cites *Harrison v. Seariver Maritime, Inc.*, 2003 U.S. App. LEXIS 2472 (5th Cir. 2003), to establish there is no requirement at law to conduct such an analysis, especially for a routine task.

Under the Jones Act, the defendant has a duty to provide a reasonably safe place for the plaintiff to work. Under the general maritime law, the defendant has the duty to provide a vessel and equipment fit for their intended purpose. The performance of a job hazard analysis does not render the place of work safe or the vessel or equipment fit; the failure to perform the analysis does not render the place of work unsafe or the vessel or equipment unfit.

I sustain the motion *in limine* as to Captain Stoller's testimony about the duty to perform a job safety analysis.